IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARLENE GLOVER | ) |
| | ) |
| v. | ) NO. 3:08-0807 |
| | ) JUDGE CAMPBELL |
| UNIPRES U.S.A., INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 11). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff filed this action against her former employer, Defendant Unipres U.S.A., Inc., in the Chancery Court for Sumner County, Tennessee. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331, based upon Plaintiff's federal claims under 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Plaintiff alleges that she was subjected to a gender-based hostile work environment during her employment with Defendant, in violation of Title VII and the Tennessee Human Rights Act ("THRA"). Plaintiff contends that certain "co-employees" made objectionable and harassing statements to her during the time period from August 28, 2007, to March 6, 2008. Plaintiff's First Amended Complaint (attached to Docket No. 1), ¶ 6. Plaintiff contends, in her Complaint, that she complained to Defendant's management and was told by a vice president "to leave them alone and that they were just playing." *Id.*, ¶ 7. Yet, Plaintiff has testified that she did not report to Defendant's management any of the incidents alleged in paragraph 6 of her First Amended Complaint. Plaintiff's Deposition (Docket No. 15), p. 116. Plaintiff also alleges that the actions of the Defendant, by and through its employees, amounted to outrageous conduct. *Id.*, ¶ 10.

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461, 466 (6th Cir. 2003); *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. *Meyers*, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. *Hopson*, 306 F.3d at 432.

## SEXUAL HARASSMENT

A violation of Title VII[1] is established if discrimination based on sex has created a hostile or abusive work environment. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). To establish a *prima facie* case based upon coworker harassment,[2] a plaintiff must establish that (1) the sexual harassment was unwelcome, (2) the harassment was based upon sex, (3) the harassing behavior was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, and (4) the employer knew

---

[1] An analysis of claims under the THRA is the same as under Title VII. *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006).

[2] Plaintiff's First Amended Complaint does not differentiate between coworkers and supervisors but, rather, identifies the allegedly offending persons as "co-employees."

or should have known of the harassment and failed to take immediate and appropriate corrective action. *Id*. A company may be held liable for coworker harassment if its response manifests indifference or unreasonableness in light of the facts it knew or should have known. *Id*. at 338.

Defendant argues that Plaintiff cannot establish the last element of the *prima facie* requirements. Docket No. 12, p. 6. The Court will assume without deciding, therefore, that Plaintiff can establish the first three elements.

Plaintiff contends that the Court cannot make a determination, in the context of summary judgment, about Defendant's knowledge of the harassment and reasonable or unreasonable action in response thereto because issues of motive, intent, credibility and reasonableness are for the jury. Docket No. 16.

To the extent that the allegedly harassing co-employees were not supervisors, which is not clear from Plaintiff's First Amended Complaint, then Plaintiff must show that Defendant knew or should have known of the harassment and failed to take immediate and appropriate corrective action. Plaintiff has admitted that Defendant had a written policy on sexual harassment and required sexual harassment training as a part of its new employee orientation. *Id*., ¶¶ 4 - 7. Plaintiff has also admitted that she received notice of Defendant's sexual harassment policy and the complaint procedure by which an aggrieved person could report harassing conduct that violates that policy. *Id*., ¶¶ 4-12. Defendant's policy mandated that every employee has a duty to immediately report harassment so that the company can try to resolve the situation. *Id*., ¶ 13. The policy also allowed an employee to bypass members of management and report harassment directly to the Human Resources Manager. *Id*., ¶ 15.

3

Plaintiff has also admitted that she never reported any of the harassment she claims in her First Amended Complaint. Docket No. 15-1, p. 116; Docket No. 17, ¶ 37. Plaintiff has testified that she did not report the alleged harassment "because of the previous complaints that I've made nothing was done then and I didn't think they would do anything about it this time." Plaintiff's Deposition (Docket No. 15), p. 116.

Plaintiff had reported alleged harassment in 2006 by two coworkers, Kenyon and Payne. Docket No. 17, ¶ 24. Plaintiff has admitted that Defendant conducted an investigation into these complaints and that both Kenyon and Payne were give a written disciplinary action and counseling. *Id.*, ¶¶ 26, 30, 31.[3] Defendant asserts, and Plaintiff has not denied, that Plaintiff experienced no further harassing behavior from Kenyon and Payne.

An employee's subjective belief in the futility of reporting a harasser's behavior is not a reasonable basis for failing to take advantage of any preventive or corrective opportunities provide by the employer. *Barrett v. Applied Radiant Energy Corp.*. 240 F.3d 262, 268 (4th Cir. 2001) (*cited in Deters v. Rock-Tenn Co., Inc.*, 2007 WL 2404515 at \*\* 9 (6th Cir. Aug. 22, 2007)).

In light of Plaintiff's prior use of Defendant's complaint procedure and the admitted investigation and resulting disciplinary actions regarding Plaintiff's prior complaints, the Court finds that Plaintiff's subjective belief that nothing would be done about her later complaints is not reasonable.[4]

---

[3] Plaintiff has also admitted that, in regard to her complaint about Kenyon and Payne, she told Defendant's Human Resources Manager that she did not "want anyone to lose their jobs" and "don't make [the] punishment too severe." *Id.*, ¶ 29.

[4] To excuse Plaintiff from the duty to alert her employer about alleged harassment through proper channels would discourage others from the best hope of exposing and eliminating sexual harassment. An employer cannot be expected to correct harassment of which it is not made

4

For these reasons, the Court finds that Plaintiff is unable to demonstrate a *prima facie* case of sexual harassment by coworkers under Title VII and the THRA because she cannot show that Defendant knew or should have known of the alleged 2007-08 sexual harassment and failed to take immediate and appropriate corrective action. Therefore, Plaintiff's claims of coworker sexual harassment fail.

As for the alleged harassment by Plaintiff's supervisor, Mr. Bennefield, the Court must consider Defendant's affirmative defense to Plaintiff's claim. As explained by the Supreme Court, an employer is subject to vicarious liability to a victimized employee for an actionable hostile work environment created by a supervisor. *Burlington Indus., Inc. v. Ellerth*, 118 S.Ct. 2257, 2270 (1998). When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability, subject to proof by a preponderance of the evidence. *Id.* The defense includes two necessary elements: (1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) that the employee unreasonably failed to take advantage of the preventive or corrective opportunities provided by the employer. *Id.*

Plaintiff has failed to show that she suffered a tangible employment action connected to the alleged harassment. If, as she has admitted, she did not report the alleged harassment in 2007-08, then she cannot show that any complaints about that harassment caused Defendant's decisionmakers to terminate her employment. Plaintiff has brought no claim for retaliatory discharge and has presented no evidence that her firing was causally related to any complaints she may have made in

---

aware. Title VII's prohibitions against sexual harassment would be useless if employees consistently failed to report improper conduct to their company officials. *See Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 269 (4th Cir. 2001) (*cited in Askew v. Methodist Home for Children*, 2009 WL 700601 at * 7 (E.D. N.C. March 10, 2009)).

5

2006 or any conduct about which she did not complain in 2007-08. There is no need for the Court to assess credibility or determine motive, as Plaintiff argues, when Plaintiff has admitted she never reported the alleged harassment to Defendant. Therefore, Defendant is entitled to assert the affirmative defense of *Ellerth*.

It is undisputed that Defendant promulgated an anti-harassment policy with a complaint procedure which was clearly made known to its employees. The issue is whether Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided. A demonstration of the employee's unreasonable failure to use any complaint procedure provided by the employer will normally suffice to satisfy the employer's burden under the second element of the defense. *Ellerth*, 118 S.Ct. at 2270.

Here, Plaintiff has admitted that she failed to report the alleged harassment by Mr. Bennefield. Plaintiff contends that she did not report this alleged harassment because reporting "would have been both unnecessary and futile since the offender, Bennefield, was the area manager." Docket No. 17, ¶¶ 33 and 37. As noted above, the prohibition against sexual harassment would be useless if employees consistently failed to report improper conduct to their company officials, and an employee's subjective belief in the futility of reporting harassing behavior is not a reasonable basis for failing to take advantage of the complaint procedures provided by the employer.

Defendant's sexual harassment policy specifically provided that employees could bypass their direct supervisors and make reports of sexual harassment directly to the Human Resources Manager. Docket No. 17, ¶ 15. The Court finds, as a matter of law, that Plaintiff cannot demonstrate that her failure to take advantage of Defendant's complaint procedure was reasonable.

6

Therefore, Defendant is entitled to the benefit of the affirmative defense asserted, and Plaintiff's claim of supervisor sexual harassment fails.

## OUTRAGEOUS CONDUCT

Plaintiff takes no position on the dismissal of her outrageous conduct tort claim. Docket No. 16, n. 1. To state a claim for intentional infliction of emotional distress (outrageous conduct), a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004). A plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*; *Brock v. Positive Changes Hypnosis, LLC*, 589 F.Supp.2d 974, 985 (W.D. Tenn. 2008).

The Court finds that Plaintiff has failed to allege facts which, as a matter of law, would constitute a valid claim for outrageous conduct.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 11) is GRANTED, and Plaintiff's claims herein are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

Case 3:08-cv-00807   Document 18   Filed 06/01/09   Page 7 of 7 PageID #: 304